IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:08CR3097 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| FREDERICK NATION, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

I revoked Mr. Nation's supervised release for the third time pursuant to his admission and sentenced him to 14 months in prison and 5 years of supervised release in a case where the underlying felony was failure to register as a sex offender, as prohibited by 18 U.S.C. § 2250. Mr. Nation has now filed a § 2255 motion.

At the previous revocation hearing, Mr. Nation admitted to law violations. They were convictions in Iowa for operating a motor vehicle while intoxicated and simple assault of his girlfriend. He did not appeal the revocation or sentence I imposed.

Following initial review,[1] I now dismiss with prejudice and deny the § 2255 motion. From the records, it plainly appears that Mr. Nation is not entitled to relief. I also refuse to issue a certificate of appealability.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Mr. Nation first claims that the period of supervised release I imposed (5 years) following revocation was not authorized. He is wrong.

Section 3583(k)[2] of Title 18 of the United States Code provides a period of supervised release of 5 years (and up to life) in cases such as this involving failure to register. Thus, § 3583(k) trumps 18 U.S.C. § 3559 and 18 U.S.C. § 3583(b).[3] *See*, *e.g.*, *United States v. Cheeks,* 647 F. App'x 310 (5th Cir. 2016) (where government petitioned to revoke supervised release of defendant previously convicted of failure to register as sex offender, United States District Court for the Southern District of Mississippi ordered revocation and imposed 11-month prison term followed by life term of supervised release; defendant appealed, challenging term of supervised release, but Fifth Circuit affirmed). Moreover, the period of supervised release I imposed is consistent with U.S.S.G. § 5D1.2(c) ("The term of supervised release imposed shall be not less than any statutorily required term of supervised release.").

The remainder of Mr. Nation's claims are essentially meritless rambling. As the lengthy hearing record will reveal, I carefully considered the relative merits of imposing the sentence I decided upon and clearly expressed my reasons for the sentence at the time I imposed it. (Filing No. 124.) Despite enormous efforts by the supervising probation officer (like finding Mr. Nation free or nearly free housing at Dismas Charities where he resided at the time of his third violation), Mr. Nation's repeated violations of his conditions of supervised release warranted the high-end Guideline prison sentence of 14 months and the 5 years of supervised release. While it may seem to Mr. Nation that he is caught in a revolving door from which there is no escape, that figurative door continues to revolve because of the actions of Mr. Nation. The way to stop the revolving door is for Mr. Nation to stop drinking while driving and assaulting his girlfriend and

---

[2] "Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, **2250**, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life. . . ." (emphasis added).

[3] The custody penalty for failure to register is up to 10 years in prison under § 2250, and, thus, that crime is graded as a Class C felony under § 3559. But for § 3583(k), a Class C felony would limit the supervised release term to three years under § 3583(b). Note, however, that 18 U.S.C. § 3583(b) begins with: "Except as otherwise provided, . . . ."

otherwise abiding by the conditions of supervised release. To be utterly frank, but not intending to be unkind, we are as sick of Mr. Nation as he is sick of us.[4]

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1) & (2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the Defendant is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 133) is denied and dismissed with prejudice.

2. The Motion to Appoint Counsel (Filing No. 134) is denied.

3. A separate judgment will be entered.

4. No certificate of appealability has been or will be issued.

DATED this 29th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[4] Mr. Nation was required to register because he had been convicted of possession of child pornography. *See* 4:01CR3114. Much earlier, he violated his conditions of supervised release in that case also. He has thus been involved with this court for roughly 18 years.